UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| V.W., individually and on behalf of A.H., a child with a disability. | COMPLAINT |
| *Plaintiffs*, | Case No. |
| -against- | |
| NEW YORK CITY DEPARTMENT OF EDUCATION, | |
| *Defendant*. | |

---

V.W., individually and on behalf of A.H., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. Plaintiff V.W. and A.H. reside in the County of New York, State of New York.

3. A.H. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

4. V.W. is the parent of A.H. as defined by IDEA 20 U.S.C. § 1401(23).

5. Defendant New York City Department of Education (Department) is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant.

## FACTUAL BACKGROUND

8. On November 22, 2017, plaintiff V.W. initiated an impartial due process hearing on behalf of her child A.H., alleging a denial of a free appropriate public education (FAPE) and seeking various relief.

9. This case was assigned Impartial Hearing Office Case Number 171090.

10. An impartial due process hearing was held for V.W. and A.H. on January 25, 2018 (telephonic), April 9, 2018, May 24, 2018 (telephonic), July 19, 2018 (telephonic), August 7, 2018 (telephonic), September 17, 2018 (telephonic), November 5, 2018, and December 18, 2018.

11. During the April 9, 2018, hearing date, the plaintiff, V.W., through her attorney, entered documentary exhibits into evidence (A-P).  At hearing, the Department agreed to conduct a functional behavior assessment with A.H. utilizing a board certified behavior analyst and it agreed to conduct an updated vocational

assessment with A.H.  The Department also agreed that A.H. was entitled to a neuropsychological evaluation.

12. On June 4, 2018, the Impartial Hearing Officer ("IHO") issued an interim order for the provision of an independent neuropsychological evaluation at the provider's usual and customary rate of $4,800.00.

13. On November 5, 2018, the plaintiff entered additional documentary exhibits into evidence (R-S).  V.W. testified on behalf of herself and her child, A.H.

14. During the December 18, 2018, hearing date, the plaintiff entered documentary exhibits (T-U) into evidence and presented direct testimony from a board certified behavior analyst ("BCBA") and from an academic evaluator.  The BCBA testified as to her observations of the student and her academic record review and attested as to the need for a behavioral program such as Applied Behavior Analysis therapy ("ABA").  The academic evaluator provided testimony regarding A.H.'s current academic functioning and the need for additional academic remediation.

15. On February 4, 2019, the plaintiff submitted a written closing statement to the IHO and to the Department's representative at hearing.

16. Although the Department did not present witnesses or offer documentary evidence, it did not concede that a free appropriate public education ("FAPE") had not been provided to A.H.

17. On April 8, 2019, the IHO issued a Findings of Fact and Decision (FOFD) in favor of the parent, finding a denial of FAPE for the 2016/17 and 2017/18 school years.  As relief for the denial of FAPE, the IHO awarded nine hundred and twenty (920) hours of home-based ABA services through Kids Success at $126.00

per hour; nine hundred (900) hours of academic tutoring through EBL Coaching; a functional behavior assessment utilizing a BCBA; a speech and language evaluation; a comprehensive vocational evaluation; and an IEP meeting to develop a new academic program for A.H. that includes ABA therapy.

18. The IHO awarded the functional behavior assessment and vocational evaluation because the evaluations had not been completed since the Department's initial agreement to provide them on April 9, 2018.

19. On October 14, 2019, plaintiff, through her counsel, submitted a demand for attorney's fees to defendant's Special Education Unit Office of General Counsel.

20. As of the date of this complaint, defendant has failed to settle the attorney's fees in this matter.

## FIRST CAUSE OF ACTION

21. Plaintiffs repeat and reallege paragraphs 1 through 15 as if more fully set forth herein.

22. Plaintiff V.W. initiated an impartial hearing on behalf of A.H.

23. Plaintiff V.W. prevailed at the impartial hearing by obtaining a Finding of Facts and Decision from the impartial hearing officer ordering the relief demanded by plaintiff V.W.

24. Plaintiff V.W. having prevailed in the underlying proceedings hereby demands reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

WHEREFORE, plaintiffs respectfully request that this Court:

   a. Assume jurisdiction over this action;

b.  Award to plaintiff V.W. the costs, expenses and attorney's fees for the administrative proceedings in the matter of A.H. pursuant to 20 U.S.C. § 1415;

c.  Award to the plaintiffs the costs, expenses and attorney's fees of this action pursuant to 20 U.S.C. § 1415; and

d.  Grant such other and further relief as the Court deems just and proper.

*[intentionally blank]*

Dated: Auburn, New York
March 17, 2020

Yours etc.,

s/ Justin M. Coretti
CUDDY LAW FIRM, PLLC
*Attorneys for Plaintiffs*
5693 South Street
Auburn, New York 13021
(315) 370-4020
jcoretti@cuddylawfirm.com