USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/04/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

V.W., individually and on behalf of A.H., a child with a disability,

                                  Plaintiff,

                v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                  Defendant.

No. 20-cv-2376 (RA)

MEMORANDUM
OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

This action was brought against the New York City Department of Education (the "DOE") by V.W. ("Plaintiff"), who is the mother of a disabled child, A.H. After successfully obtaining several educational accommodations for her daughter following an administrative hearing, Plaintiff filed this action for attorneys' fees under the fee-shifting provisions of the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3) (the "IDEA"). Plaintiff requests $88,095.76 in fees, costs, and interest for both the underlying administrative proceeding and this action. The Court grants the request, albeit with modifications.

## BACKGROUND

The Court draws the following facts from the declarations of the attorneys who represented Plaintiff in this action and the exhibits attached thereto.

Plaintiff's attorneys are from the Auburn, New York office of the Cuddy Law Firm, PLC ("CLF"), which is "one of the largest private special education law firms in the country." Cuddy Dec. ¶¶ 12-13. Plaintiff's counsel initiated the underlying administrative proceeding (the

"administrative action") on Plaintiff's behalf on November 22, 2017 by filing a due process complaint ("DPC"). Coretti Dec. ¶ 35 & Ex. 1. The DPC alleged that the DOE had denied A.H. a free and appropriate public education ("FAPE") during the 2016-17 and 2017-18 school years. *Id.* Plaintiff sought a series of remedies for A.H. including an independent neuropsychological evaluation; an independent vocational assessment; an independent functional behavioral assessment; a speech-language evaluation; an assistive technology evaluation; a new and appropriate educational program; individual academic instruction; and attorneys' fees and expenses. *Id.*

The independent hearing officer ("IHO") assigned to the case held eight hearings on the matter (including a pre-hearing conference), which occurred between January 2018 and December 2018. *Id.* ¶ 40 & Exs. 5-8. The DOE asserts that these hearings lasted a total of 2.5 hours; while the DOE does not support this assertion with evidence, Plaintiff does not dispute it. DOE Mem. at 1. At these hearings, Plaintiff presented twenty exhibits and three witnesses. Coretti Dec. ¶¶ 41, 45-46. The DOE did not present any testimonial or documentary evidence. While the hearings were ongoing, the IHO issued an interim order requiring the DOE to fund an independent neuropsychological evaluation of A.H. *Id.* ¶ 43 & Ex. 3. At the conclusion of the hearings, Plaintiff submitted an eight-page closing statement. *Id.* Ex. 9.

On April 8, 2019, the IHO issued his Findings of Fact and Decision ("FOFD"). *Id.* ¶ 50 & Ex. 4. The IHO found that the DOE had "failed to provide an appropriate education during the two school years in question." *Id.* Ex. 4. In the FOFD, the IHO also concluded that the DOE had failed to provide the agreed-upon evaluations during the course of the hearings and ordered the DOE to provide them. *Id.* ¶ 52 & Ex. 4. The relief granted in the FOFD included home-based

therapy; academic tutoring; and several evaluations and assessments. *Id.* ¶ 53 & Ex. 4. Throughout the next three months, CLF assisted Plaintiff with implementation of the FOFD. *Id.* ¶¶ 54-55.

On October 14, 2019, CLF submitted a fee demand to the DOE. Cuddy Dec. ¶ 34. Attached to the fee demand was a billing statement with CLF's "summary sheet and expense report, copies of the relevant receipts, authorizations from V.W. to accept settlement, resumes from each person who had worked on the case up to that point, and the [IHO's] . . . FOFD." *Id.* The demand was not accepted. *Id.* ¶ 36.

On March 18, 2020, CLF commenced this action. CLF proposed settlement conferences with the DOE several times during the litigation, but these suggestions proved unfruitful. Coretti Dec. ¶¶ 69-71. The DOE sent its first and only settlement offer on May 21, 2021. *Id.* ¶ 73. CLF made a counteroffer, *id.* ¶ 74, to which the DOE responded by proposing that the parties move forward with motion practice, *id.* ¶ 75. On June 14, 2021, CLF filed the instant motion for attorneys' fees. CLF seeks $88,095.76 in fees and costs—consisting of $65,448.26 for the administrative action and $22,647.50 for the federal action. Cuddy Dec. ¶ 59.[1] CLF also seeks post-judgment interest.

---

[1] Plaintiff's papers provide divergent amounts for the fees and costs requested in the administrative action. *Compare* Pl. Mem. at 3 (requesting $66,948.26 in costs and fees in the administrative action), *with* Cuddy Dec. ¶ 59 (requesting $65,448.26 in fees and costs in the administrative action). The DOE's memorandum in turn states that Plaintiff requests $89,858.26 in total fees and costs; this higher figure appears to be drawn from the amount requested by CLF in its fee demand to the DOE. *See* Cuddy Dec. Exs. 1-3 (billing statement requesting $66,918.26 in the administrative action and $22,940.00 in the federal action for a total of $89,858.26). The Court relies on the figures in paragraph 59 of the Cuddy Declaration, which are slightly lower than those in the fee demand. *See id.* ¶ 60 ("My office moves for the grand total of fees calculated in the above table [in paragraph 59] . . . our overall fees and costs through June 14, 2021 are $88,095.76.").

Plaintiff also submitted a declaration in connection with her reply brief asserting that "[a]s of July 26, 2021, the amount of fees, costs, and expenses for the current proceeding are $30,217.50," which is about $7,500 higher than the amount incurred as of June 14, 2021. Second Cuddy Dec. However, Plaintiff has not appeared to amend the fee amount for which she moves. Accordingly, the Court continues to rely on the amount requested in the Cuddy Declaration and defers decision on any additional fees incurred since. If Plaintiff seeks an award for those later-incurred fees, Plaintiff shall submit a letter motion so requesting by January 18, 2022; the DOE may respond with any objections, again by letter motion, by February 1, 2022.

The DOE does not dispute that Plaintiff, as the prevailing party in the administrative action, is entitled to attorneys' fees. However, the DOE argues that both the rate sought for CLF's attorneys and paralegals and the number of hours CLF billed are unreasonable.

## LEGAL STANDARD

"The IDEA grants district courts the discretion to award reasonable attorneys' fees and costs to a 'prevailing party.'" *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-cv-6851 (VEC), 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019) (quoting § 1415(i)(3)(B)(i)). A plaintiff "prevails when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 Fed. App'x 17, 18 (2d Cir. 2014).[2] As stated, the DOE does not dispute that Plaintiff was the prevailing party in the administrative action.

"Reasonable attorneys' fees under the IDEA are calculated using the lodestar method, whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Streck v. Bd. of Educ.*, 408 Fed. App'x 411, 415-16 (2d Cir. 2010). In determining whether an hourly rate is reasonable, courts primarily consider the prevailing market rates in the community for comparable legal services. *See* § 1415(i)(3)(C) (providing that attorneys' fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished"). The prevailing market rate has been characterized as "the rate a paying client would be willing to pay . . . bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Ortiz v. City of New York*, 843 Fed. App'x 355, 359 (2d Cir. 2021). Courts also

---

[2] Unless otherwise noted, case quotations omit all internal quotation marks, citations, alterations, and footnotes.

consider the twelve factors discussed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019). Because "the determination of fees should not result in a second major litigation," *Fox v. Vice*, 563 U.S. 826, 838 (2011), courts may consider the *Johnson* factors holistically, rather than applying each factor individually to the facts of the case. *See Green v. City of New York*, No. 05-cv-0429 (SLT) (ETB), 2010 WL 148128, at *10 (E.D.N.Y. Jan. 14, 2010). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The Second Circuit has observed that "[r]ecycling rates awarded in prior cases without considering whether they continue to prevail may create disparity between compensation available under [the applicable statute] and compensation available in the marketplace," which would "undermine[] [the statute's] central purpose of attracting competent counsel to public interest litigation." *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005). Accordingly, while a court may consider rates awarded in prior similar cases and its "own familiarity with the rates prevailing in the district," it should also "evaluat[e] . . . [the] evidence proffered by the parties." *Id.*

**ANALYSIS**

Although Plaintiff was the prevailing party in the administrative action and is therefore unquestionably entitled to fees and costs, the Court concludes that certain aspects of the hourly rates sought, the hours submitted, and the costs requested are not reasonable. The Court thus grants Plaintiff's motion for attorneys' fees and costs but makes reductions both to the hourly rates and number of hours awarded.

**I.     Hourly Rates**

CLF seeks an hourly rate of $550 for three senior attorneys: Andrew Cuddy, Michael Cuddy, and Jason Sterne. Cuddy Dec. ¶ 59. The DOE argues that rates of $350-360 per hour are instead warranted for these attorneys. Similarly, CLF seeks an hourly rate of $425 for two more junior attorneys, Justin Coretti and Kevin Mendillo, *id.*, which the DOE seeks to reduce to $280 and $300, respectively. Finally, CLF requests a rate of $150 per hour for the work performed by each of the five paralegals on this case, *id.* ¶¶ 58-59, which the DOE contends should be lowered to $100-125 per hour, depending on the individual paralegal's experience or formal training.

CLF's work in this action spanned from late 2017 to mid-2021. Courts have recently awarded the senior attorneys billing in this case hourly rates for work performed during this time period as low as $360 per hour, *see S.J. v. N.Y.C. Dep't of Educ.*, No. 20-cv-1922 (LGS), 2021 WL 100501, at *3-4 (S.D.N.Y. Jan. 12, 2021) (Andrew and Michael Cuddy), and as high as $420 per hour, *see M.H. v. N.Y.C. Dep't of Educ.*, No. 20-cv-1923 (LJL), 2021 WL 4804031, at *13 (S.D.N.Y. Oct. 13, 2021) (Andrew Cuddy and Jason Sterne). These ranges are consistent with the oft-repeated observation that "[t]he prevailing market rate for experienced, special-education attorneys in the New York area *circa* 2018 [was] between $350 and $475 per hour." *R.G.*, 2019 WL 4735050, at *2; *see M.D. v. N.Y.C. Dep't of Educ.*, No. 17-cv-2417 (JMF), 2018 WL 4386086,

6

at *3 (S.D.N.Y. Sept. 14, 2018) (describing same rate range). Judges in this District have also recognized that the passage of time may justify somewhat higher rates for the same type of work performed by the same senior attorneys. *See, e.g.*, *M.H.*, 2021 WL 4804031, at *12 ("The Court may consider the passage of time, [and] the increase in fees that may come with such passage of time."); *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-cv-7632 (PAE), 2018 WL 3769972, at *6 (S.D.N.Y. Aug. 9, 2018) ("In light of the passage of time and the growth of the firm, the Court's judgment is that $400 is a reasonable hourly fee, in this case, for [Andrew Cuddy and Jason Sterne]."). "For associates with three or fewer years of experience in [IDEA] litigation, courts in this District have typically approved rates of $150-$275." *C.D.*, 2018 WL 3769972, at *7. And "[p]aralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District." *R.G.*, 2019 WL 4735050 at *3 (collecting cases).

CLF argues that excessive reliance on past rates awarded in similar cases will cause fees to unfairly stagnate in a manner that fails to reflect increased attorney experience and historic inflation. To this point, CLF has presented evidence of selected IDEA fee awards in this District since 1998, with adjustments for inflation. *See* Cuddy Dec. Ex. 4. These arguments are well-taken by the Court, as it is an "obvious proposition that billing rates continue to increase over time." *A.B. v. N.Y.C. Dep't of Educ.*, No. 20-cv-3129 (SDA), 2021 WL 951928, at *3 & n.6 (S.D.N.Y. Mar. 13, 2021) (citing *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 365 (S.D.N.Y. 2018), in which the court applied the federal inflation index to set an hourly rate). And CLF's evidence certainly counsels for higher rates than those requested by the DOE, whose position rests entirely on historic rates awarded. But this does not lead the Court to assign prevailing market rates that adhere precisely to Plaintiff's requested rates. Rather, the Court must look to several sources of information together: Plaintiff's evidence, rates awarded in prior cases, and the Court's own

7

familiarity with prevailing rates. *See Farbotko*, 433 F.3d at 209. These data points support awarding lower rates than those Plaintiff requests.

A holistic assessment of the *Johnson* factors further counsels awarding hourly rates that fall between Plaintiff's and the DOE's requested rates. To be sure, a critical *Johnson* factor weighs heavily in Plaintiff's favor: CLF obtained successful results for V.W. and A.H. And there is no question that the billing attorneys have significant experience and well-established reputations. However, the Court must also consider the other *Johnson* factors that weigh in favor of lower hourly rates. Most saliently, the questions in both the administrative action and the federal action were far from novel or difficult; for example, the Court does not see "[f]rom the hearing transcripts . . . any difficult legal issues or key credibility disputes in the case." *K.F. v. N.Y.C. Dep't of Educ.*, No. 10-cv-5465 (PKC), 2011 WL 3586142, at *3 (S.D.N.Y. Aug. 10, 2011). Indeed, the administrative proceeding was virtually uncontested, as the DOE submitted no exhibits and produced no witnesses.[3] Nor is there any indication that the particular facts of this case required an unusual amount of time or labor from CLF's attorneys and paralegals. And CLF does not assert that it was precluded from pursuing other employment by taking on this case or that the case presented any particular time limitations.

Taking these factors into account, the Court modifies the hourly rates as follows.

Andrew Cuddy, Michael Cuddy, and Jason Sterne are all highly experienced special education law attorneys. Andrew Cuddy received his law degree in 1996 and has twenty years of experience in the field. Cuddy Dec. ¶¶ 41, 44. During that time, he has litigated hundreds of

---

[3] While Plaintiff argues that "straightforward is not a synonym for uncontested," the case from which that language derives featured an administrative proceeding in which the DOE put on a defense by submitting its own exhibits and witnesses. *C.B. v. N.Y.C. Dep't of Educ.*, No. 18-cv-7337 (CM), 2019 WL 3162177, at *8 (S.D.N.Y. July 2, 2019). Here, by contrast, there is no indication that the DOE meaningfully opposed Plaintiff's DPC. *See* Coretti Dec. Ex. 4 (FOFD stating that "the DOE took no position on the[] issues" raised by Plaintiff). In any event, the Court is awarding the senior attorneys in this case the same hourly rate as that awarded in *C.B.* notwithstanding the lesser degree of complexity here, taking into account the passage of time between this case and that case.

special education due process hearings and is "regularly recognized as having experience in the special education legal field and [is] invited to speak on the topic to professional organizations." *Id.* ¶ 44-45. Michael Cuddy received his law degree in 1988 and has over twenty years of general legal experience. Coretti Dec. ¶¶ 13, 16. He has worked for CLF since 2009 and been a shareholder of CLF since 2012. *Id.* ¶ 18. During that time, he has represented parents of disabled children in over 100 due process hearings and has presented on special education law topics for various organizations. *Id.* ¶¶ 18, 20. And Jason Sterne, who has practiced law since 1998, litigated hundreds of special education due process hearings over the fifteen years he was employed at CLF. Cuddy Dec. ¶ 17. Balancing these attorneys' significant experience, the passage of time since previous awarded rates, and the relative lack of complexity in this case, the Court finds that an hourly rate of $400 is appropriate for each of them. *Cf. C.B.*, 2019 WL 3162177, at *6-8 (awarding $400 per hour in 2019 when the administrative proceeding was contested); *A.B.*, 2021 WL 951928, at *3 (awarding $400 per hour in 2021 to an attorney with about ten years' experience in special education law); *M.H.*, 2021 WL 4804031, at *2-5, *12 (awarding $420 per hour in 2021 when the administrative proceeding was contested, the hearings were significantly more complex, and the federal action raised additional claims).

The Court turns to the more junior attorneys in this case. Kevin Mendillo has worked for CLF since 2014 and has litigated approximately 100 due process hearings and nearly thirty federal fee cases during that time. Cuddy Dec. ¶ 13-14. Justin Coretti graduated law school in 2012 and has worked for CLF since 2015, during which time he has litigated over fifty due process hearings. Coretti Dec. ¶¶ 5, 7. Both attorneys are entitled to a higher rate than the $150-275 range awarded to attorneys with under three years of specialized experience. Instead, the Court finds that an hourly rate of $300 for both attorneys is appropriate and balances current market rates, their years

of experience in the special education field during the relevant period (three to seven years for Mendillo and two to six years for Coretti), and the relative lack of complexity of this case. *Compare O.R v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 365-66 (S.D.N.Y. 2018) (awarding $350 per hour in 2018 to an attorney with six years' experience in IDEA law when she began her work on a comparable proceeding), *with A.G. v. N.Y.C. Dep't of Educ.*, No. 20-cv-7577 (LJL), 2021 WL 4896227, at *7 (S.D.N.Y. Oct. 19, 2021) (awarding $300 per hour in 2021 to Coretti and Mendillo), *and C.D.*, 2018 WL 3769972, at *7 (finding in 2018 that a rate of $300 per hour was appropriate for a lawyer with ten years' experience in general litigation).

Finally, the Court finds that a rate of $100 per hour is appropriate for Allison Bunnell and Amanda Pinchak, each of whom have relatively little experience as paralegals. Cuddy Dec. ¶¶ 23-24. By contrast, a rate of $125 per hour is appropriate for Shobna Cuddy, who is an office administrator at CLF with over ten years of relevant experience, and for Sarah Woodard, who has over twenty years of experience as a paralegal and legal assistant. *Id.* ¶¶ 19, 22.

The Court is of the opinion that, even today, each of these hourly rates is "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

**II.     Number of Hours**

The DOE argues that the number of hours billed at the administrative level is unreasonable, objecting to various time entries as excessive or unnecessary. The DOE further argues that CLF should be permitted to bill only twenty hours total at the federal level for their work on the instant motion, rather than the 44.3 hours that were billed.

Justin Coretti billed 86.6 hours in the administrative action and 46.7 hours in the federal action. Cuddy Dec. ¶ 59. The number of hours billed at the administrative level appears somewhat

excessive: as noted previously, this was a relatively straightforward case that was not contested by the DOE; CLF's submissions were not unusually complex and did not pose difficult legal questions; and the hearings lasted only a few hours total. "Rather than engage in a painstaking line-item review of each billing entry, in calculating an appropriate reduction of compensable hours '[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.'" *M.D.*, 2018 WL 4386086, at *4 (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)). The Court finds such a strategy appropriate here, where Coretti's number of hours billed is generally disproportionate to the complexity of and work required in this case. In comparable cases brought by CLF, courts in this District have reduced the firm's hours by twenty to fifty percent. *See, e.g.*, *J.R. v. N.Y.C. Dep't of Educ.*, No. 19-cv-11783 (RA), 2021 WL 3406370, at *4-5 (S.D.N.Y. Aug. 4, 2021) (finding 85.8 hours billed in a comparable administrative action to be an unreasonable number and reducing hours by twenty percent); *M.D. v. N.Y.C. Dep't of Educ.*, No. 20-cv-6060 (LGS), 2021 WL 3030053, at *5 (S.D.N.Y. July 16, 2021) (reducing hours by twenty percent in a case in which CLF billed 84.4 hours in connection with an uncontested administrative proceeding). Accordingly, the Court reduces Coretti's hours by twenty percent at the administrative level.

By contrast, the Court finds the 46.7 hours Coretti billed at the federal level reasonable, notwithstanding the limited scope and straightforward nature of the case. *Cf. B.B. v. N.Y.C. Dep't of Educ.*, No. 17-cv-4255 (VEC) (SDA), 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018) (finding that counsel should not have needed more than 40 hours to litigate a standard IDEA fee petition); *S.J. v. N.Y.C. Dep't of Educ.*, No. 12-cv-1922 (LGS) (SDA), 2020 WL 6151112, at *6-

7 (S.D.N.Y. Oct. 20, 2020), *adopted as modified by* 2021 WL 100501 (concluding that approximately 56 hours billed in a federal court IDEA fee action was reasonable).[4]

### III. Costs

CLF seeks the following costs: $774.55 in lodging, $174.40 in meals, $855.10 in mileage, $149.00 in parking, $43.00 in tolls, $10.32 in postage, $456.00 in copying, $430.00 in faxing, $143.39 in transportation, and $400 in filing fees. Cuddy Dec. ¶ 59. CLF also seeks $150.00 in travel fees for Michael Cuddy, charged at a rate of $250 per hour (approximately forty-five percent of his standard requested rate), as well as $9,180.00 in travel fees for Justin Coretti, charged at a rate of $212.50 per hour (approximately half of his standard requested rate). *Id.*

The DOE argues that CLF should not be compensated for lodging, parking, mileage, and tolls. In support of this proposition, it relies on *K.F.*, 2011 WL 3586142, in which the court denied costs for expenses relating to attorneys' travel between Auburn and New York City, *see id.* at *6. Other courts have similarly denied travel-related costs in whole or in part, reasoning that clients "would not agree to pay in-district attorney rates while also paying for extensive . . . expenses necessitated by out-of-district attorneys' travel." *C.D.*, 2018 WL 3769972, at *13 (denying in full a request for lodging expenses and reducing by seventy percent requests for certain non-lodging travel expenses); *see also M.H.*, 2021 WL 4804031, at *28 (same); *S.J.*, 2020 WL 6151112, at *7

---

[4] The DOE argues that 1.5 hours Michael Cuddy billed during February 2016—nearly two years before the DPC was filed—should be excluded on the ground that this work lacked sufficient temporal proximity to the administrative proceedings. *See* Cuddy Dec. Ex. 1 (time entries describing meeting with V.W. and subsequently drafting letters requesting A.H.'s educational records). The Court disagrees: while these time entries significantly predate the DPC, they clearly describe work that was necessary in deciding to take on V.W. and A.H. as clients. The DOE also takes issue with .6 hours Michael Cuddy spent traveling during this time period, but it appears that this time was already subject to a discretionary reduction. *See* Cuddy Dec. Ex. 1.

The DOE further argues that Michael Cuddy's hours be reduced by .8 hours he spent billing for tasks that could purportedly have been accomplished by a paralegal. The Court disagrees, and finds that the tasks at issue—reviewing educational records, selecting documents for use in the administrative hearing, and removing unnecessary documents—could reasonably have required an attorney's review, even if they were straightforward in nature. *Cf. M.D.*, 2018 WL 4386086, at *4 ("Uncomplicated and straightforward tasks . . . still require the attention of a skilled attorney.").

(denying lodging, mileage, tolls, and parking costs in full). Considering these cases, the Court concludes that CLF may not bill for lodging and may bill for only thirty percent of its costs incurred in mileage, parking, and tolls. For similar reasons, the Court finds the 43.2 hours Coretti billed traveling between Auburn or Ithaca and New York City to be unreasonable. "[I]t is doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New York City rates and an additional five hours in billable time for each trip." *K.F.*, 2011 WL 3586142, at *6; *see also C.D.*, 2018 WL 3769972, at *10. Coretti's billable travel hours are thus reduced to one hour each way for each trip he took to and from New York City in relation to this action. *See, e.g., M.H.*, 2021 WL 4804031, at *18 (doing the same and collecting cases).

Finally, the Court finds Plaintiff's faxing costs non-reimbursable. "Modern copy machines have the ability to scan documents so that they can be emailed" at no cost. *R.G.*, 2019 WL 4735050, at *6. Given this fact, the Court concludes that "no rational client would pay to fax documents" when those documents could be transmitted via email for free. *Id.*[5]

## CONCLUSION

For the foregoing reasons, the Court grants the motion for attorneys' fees and costs, as well as post-judgment interest, but with the following modifications:

(1) CLF is entitled to fees at: an hourly rate of $400 for Andrew Cuddy, Michael Cuddy, and Jason Sterne (reduced by fifty percent for billable travel time); an hourly rate of $300 for Justin Coretti and Kevin Mendillo (reduced by fifty percent for billable travel time); an hourly rate of

---

[5] To the extent Plaintiff argues that CLF's fees should not be reduced at all because the DOE purportedly unreasonably protracted the proceedings, the Court rejects this argument. "[A] conclusion that Defendant unreasonably protracted the resolution of the proceedings and forced Plaintiff to engage in what should have been unnecessary work might justify the reasonableness of some of the hours worked by counsel and the paralegals. However, it would not entitle CLF to more than a reasonable attorney's fee calculated based on the standards well established by the Supreme Court and in this Circuit." *M.H.*, 2021 WL 4804031, at *25.

$125 for Shobna Cuddy and Sarah Woodard; and an hourly rate of $100 for Allison Bunnell and Amanda Pinchak;

(2) Justin Coretti's hours billed in the administrative action are reduced by twenty percent;

(3) Justin Coretti may bill for only one hour of travel time each way for his trips to New York City in connection with the administrative action; and

(4) CLF may not seek costs for lodging and faxing and may seek costs of only thirty percent for expenses incurred in parking, mileage, and tolls.

No later than January 18, 2022, Plaintiff shall submit a proposed judgment consistent with this decision. If the DOE objects to the proposed judgment, it shall file a letter explaining its position no later than February 1, 2022. Absent an objection from the DOE by that date, the Court will sign and docket Plaintiff's proposed judgment.

SO ORDERED.

Dated: January 4, 2022
New York, New York

_____
Hon. Ronnie Abrams
United States District Judge