USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 02/04/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

V.W., individually and on behalf of A.H., a
child with a disability,

                              Plaintiff,

              v.

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                              Defendant.

No. 20-CV-2376 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On January 4, 2022, the Court granted Plaintiff's motion for attorneys' fees and costs under
the Individual with Disabilities Education Act, albeit with modifications.  In that order, the Court
addressed only the fees that had been requested by Plaintiff in its June 14, 2021 summary judgment
motion and accompanying declarations.  The Court stated that, if Plaintiff wished to seek
additional fees for work it performed in this case after June 14, 2021, it should make that
application by separate letter motion.  Plaintiff has done so, and the DOE has opposed the motion.

As documented in the reply declaration of Andrew Cuddy, CLF added fifteen entries to its
federal billing statement for work that it performed after June 14, 2021.  *See* Cuddy Reply Dec.
Ex. 2 at 10-11.  CLF requests approximately $8,000 for this additional work.

Of these 15 entries, the first three appear to be duplicative with entries that were made on
or before June 14, 2021 that were already reflected in CLF's prior fee request, so the Court will
discount them.  *Compare id.* at 10, *with id.* at 8; *see Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425
(2d Cir. 1999) (explaining that courts should exclude "excessive, redundant or otherwise
unnecessary hours" from attorneys' fees).  By contrast, entries four, five, six, fourteen, and fifteen

appear reasonable, as they document a modest number of hours spent on correspondence, administrative work, or final review by senior partners. Accordingly, the Court will allow CLF to bill for these entries, albeit at the reduced rates the Court assigned in its prior order (that is, $400 an hour for Andrew Cuddy, $300 an hour for Justin Coretti, $125 an hour for Shobna Cuddy, and $100 an hour for less experienced legal assistants). This results in a total of $370 for those entries.

Entries seven through thirteen document a total of 11.6 hours that Justin Coretti spent preparing Plaintiff's reply in support of her summary judgment motion, including researching caselaw, drafting the reply brief and related documents, and reviewing the DOE's opposition. The Court finds this number of hours to be excessive, given the brevity of Plaintiff's reply and its similarity to Plaintiff's opening brief. *See, e.g.*, *K.L. v. Warwick Valley Cent. Sch. Dist.*, No. 12-cv-6313 (DLC), 2013 WL 4766339, at *13 (S.D.N.Y. Sept. 5, 2013) (finding requested hours that included five hours spent preparing a four-page reply brief to be excessive). Accordingly, the Court reduces Coretti's hours spent on the summary judgment reply by 50%. *See M.D. v. New York Dep't of Educ.*, No. 20-cv-6060 (LGS), 2021 WL 3030053, at *6 (S.D.N.Y. July 16, 2021) (reducing CLF's federal hours billed by 50% given the straightforward nature of the case). This results in a billable total of 5.8 hours for this work, which, at Coretti's adjusted hourly rate of $300, leads to a total of $1,740.

Therefore, the Court awards CLF a total of $2,110 in fees for work performed after June 14, 2021. This award is reflected in the Court's judgment of February 4, 2022.

SO ORDERED.

Dated: February 4, 2022
New York, New York

_____
Hon. Ronnie Abrams
United States District Judge